UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>EVA TORRES, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-3171 EMC<br><br>**ORDER GRANTING DEFENDANT CRUZ'S *IN FORMA PAUPERIS* APPLICATION; AND GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket Nos. 2, 7)** |

On April 2, 2012, Plaintiff Bank of America filed a complaint for unlawful detainer against Eva Torres and Doe Defendants in state court. Compl., Docket No. 1-1. The complaint's sole claim was for unlawful detainer, with an alleged amount in controversy of less than $10,000. On June 13, 2012, the state court entered judgment for possession in favor of Plaintiff. *See* Plaintiff's Request for Judicial Notice, Ex. 3. On June 19, 2012, Defendant Manuel Cruz, the occupant of the property in question, filed a notice of removal to this Court, asserting federal question jurisdiction based on the Protecting Tenants at Foreclosure Act of 2009. Docket No. 1. Defendant has also filed an application to proceed *in forma pauperis* ("IFP"). Docket No. 2.

On July 17, 2012, Plaintiff filed the instant motion to remand. Docket No. 7. Plaintiff contends this Court lacks subject matter jurisdiction over this action, that Defendants' removal was untimely, and that the Court should abstain from exercising jurisdiction even if it is proper. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, the

Court **GRANTS** Defendant's application to proceed IFP and **GRANTS** Plaintiff's motion to remand.

## I. DISCUSSION

A. *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In his financial affidavit, Mr. Cruz states that he is unemployed and received his last paycheck in March 2011. Meanwhile, his monthly expenses are nearly $800. Given these circumstances, the Court **GRANTS** his application to proceed IFP.

B. Subject Matter Jurisdiction

Although the Court grants the application, it has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction"). Moreover, Plaintiff has filed a motion to remand, asserting lack of subject matter jurisdiction.

The Court agrees with Plaintiff that subject matter jurisdiction is lacking. In his notice of removal, Mr. Cruz asserted that there is federal question jurisdiction because Plaintiff has violated federal law, but federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002). Moreover, the Court sees no basis for

diversity jurisdiction because diversity jurisdiction requires not only that there must be complete diversity in citizenship but also that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Here, there is no indication that the damages sought by Plaintiff would exceed that amount. Indeed, Plaintiff's complaint seeks less than $10,000 on its face; specifically, it seeks $162.50 per day beginning March 27, 2012. *See* Compl., Docket No. 1-1. Diversity jurisdiction is therefore lacking.

## II.  CONCLUSION

Accordingly, the Court **GRANTS** Mr. Cruz's application to proceed IFP and **GRANTS** Plaintiff's motion to remand.[1] This case is hereby remanded to Santa Clara County Superior Court. The Clerk shall close the file.

This Order Disposes of Docket Nos. 2, 7.

IT IS SO ORDERED.

Dated: August 1, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court need not consider Plaintiff's remaining arguments regarding timeliness of removal and *Younger* abstention.